The opinion of the Court was delivered by
Todd, J.
The Relators allege, substantially, that in a suit entitled Win. Mattie vs. New Orleans City Railroad Company and F. Wintz, No. 4596, on the Docket of the District Court for the Parish of Orleans, Division E, there was a trial by jury, and a verdict rendered against them for $2,000, upon a demand for five thousand dollars.
That the verdict was recorded, and on the next day thereafter a judgment, in accordance, with the verdict, was rendered by the court. That on the day following, the Relators filed a motion for a new trial, Avhicli motion Avas taken under advisement by the court, and on the 23d of May following, an order Avas entered, suggesting- that if a remittitur of $1,000 was not made by the plaintiff, in the suit, a new trial Avould be granted.
That a remittitwr was then entered, and a new judgment was rendered, without notice to Relators, for $1,000, on the 25th of May, 1882. That after the signing of this judgment and within the legal delays, Relators asked for a suspensiA'fe appeal to this Court, which Avas refused by the Judge, on the ground that this Court Avas w-ithout jurisdiction ratione materiw, to entertain the appeal, the amount in dispute not exceeding $1,000. Thereupon, the Relators applied for a mandamus to compel the Respondent Judge to grant the apxieal.
The record presents a case precisely similar to that between the same parties, No. 8587, recently decided by this Court, in which the mandamus was made peremptory.
It is, however, urged by the Respondent Judge, that the record in the instant case is incorrect. That whilst in the previous case referred to, the remittitur Avas entered after judgment, in this case it Avas entered before j udgment, hut after verdict. He denies having rendered any judgment until after the remittitur was entered.
The remittitur was in these words:
*1119 “ Now comes Wm. Mattie, the plaintiff herein, through his undersigned counsel, and only because required so to do by the court, and specially reserving all of his rights, and excepting to the right and ruling of the court to impose the remittitur, and enters the remittitur of one -thousand dollars. T. M. Gill,

Attorney for Mattie, Plaintiff."

The transcript before us is duly authenticated by the certificate of the clerk of the court, over which the Respondent presides, as con: taining a true record of the proceedings. We there find a judgment purporting to bo a part of these proceedings, rendered -on the verdict of the jury and for the amount allowed by that verdict, ($2,000) though not signed by the Judge. This was followed by a motion for a new trial. This shows that the remittitur was entered after judgment, as alleged by the Relators.
However great our confidence in any statement that might be submitted by a Judge, nevertheless our knowledge of the facts must be derived from the record, and we can only take cognizance of them as there shown.
As held in the case referred to, we think that the remittitw was entered too late to affect the Relators’ right to appeal, even admitting that if entered before judgment, in the manner and form stated, it would have that effect, upon which we express no opinion.
It is, therefore, ordered, adjudged and decreed, that the mandamus asked for be made peremptory.